# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

No. 22-30374
Summary Calendar

Chad Lightfoot,

*Plaintiff—Appellant*,

*versus*

Gary Gilley; Patricia Miller; Chief of Security
Richland Parish Detention Center; Big Show, *Lieutenant*;
Deputy Austin; Deputy Marvel; James M. LeBlanc,
*Secretary*, Department of Public Safety and Corrections,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-1080

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Chad Lightfoot, Louisiana prisoner #301162, appeals the district court's order striking his complaint from the docket and closing the case. We REVERSE and REMAND to the district court for further proceedings.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-30374

## I

Lightfoot is a prisoner in the Franklin Parish Detention Center. He filed this suit against several prison officials, alleging (among other things) that the defendants purposely "lost or misplaced [his] legal materials and[/]or personal property," and had denied him any deprivation proceedings.

The event at issue began on the night of April 16, 2021. Lightfoot alleges that, on that night, a prison officer conducted a search and found contraband "at bed number #11," which is not assigned to any prisoner, but is directly above Lightfoot's bed. Because of that incident, Lightfoot was disciplined. He was escorted away from the bed area and placed in administrative segregation. Lightfoot alleges that, as he was escorted away from the bed area, "his property and belongings [were] scattered all about his bed area" due to the search, and they were "unguarded." He alleges that his property included:

- An MP4 Player
- $25.00 in cash
- 250 postal stamps
- Three pairs of Levi's 504 relaxed fit jeans
- New Air Max tennis shoes
- Two books:
    - Police Misconduct: Law and Litigation
    - 48 Laws of Power
- A set of personal hair clippers and liners

Lightfoot alleges that, after about one week in administrative segregation, he was transferred directly to a new correctional facility without being allowed to take or check on his property before leaving. Prison officials

subsequently delivered Lightfoot's property to his new facility, but he alleges that "a number of expensive items and legal material[s]" were "missing."

Lightfoot alleges that, to recover his missing items, he mailed a request for an "Administrative Remedy Procedure" to Defendant Warden Miller. However, he alleges that his request was "purposely and knowingly" ignored by the prison staff. Consequently, Lightfoot asserts that he was denied a deprivation hearing, to which he contends he is entitled "when [his] property of any kind [was] seized" by jail or prison officials. Among other relief, Lightfoot seeks an injunction to prevent the defendants "from denying [him] post deprivation proceedings upon the seizure" of his property.

II

The merits of Lightfoot's claims are not at issue here. At issue in this appeal is whether the district court erred in striking Lightfoot's complaint from the record based on our holding in *Lightfoot v. Corrections Corp. of Am.*, No. 96-30369, 1996 WL 661267, at *1 (5th Cir. Oct. 23, 1996). In that case, a panel of this court held that Lightfoot "is BARRED from filing any pro se, in forma pauperis, civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court." *Id.*

Relying on that holding, the district court struck Lightfoot's complaint because he failed to seek any prior written permission. The court held that, even if Lightfoot was not proceeding *in forma pauperis*, he nonetheless could not file his suit because *Lightfoot* barred him from filing "any pro se action" and "any civil action" without prior written permission from a judge. Lightfoot timely appealed.

On appeal, Lightfoot argues that the district court erred in striking his complaint based on the holding in *Lightfoot*. He argues that *Lightfoot* barred him from proceeding only if he "attempt[s] to proceed as a pauper." And,

No. 22-30374

because he had paid the $402.00 filing fee in the district court (and so was not proceeding *in forma pauperis*), he contends that *Lightfoot* does not prevent him from filing this lawsuit.  We agree.

The district court misconstrued our opinion in concluding that Lightfoot was barred from filing "any civil pleadings" and "any pro se action."  That conclusion would have been correct if we had held that "Lightfoot is barred from filing any pro se, in forma pauperis, *or* civil pleading."  In that instance, Lightfoot would be barred from filing any of the following: (1) pro se complaint; (2) complaint made *in forma pauperis*; and (3) civil complaint.  But that is not what we held.

We held that Lightfoot is barred from "filing any pro se, in forma pauperis, civil pleading . . . without the advance written permission of a judge of the forum court."  *Lightfoot*, 1996 WL 661267, at *1.  The absence of the word "or" indicates that the adjectives "pro se," "in forma pauperis," and "civil" are all coordinate adjectives that modify the same noun, "pleading." *See* Bryan A. Garner, GARNER'S MODERN AMERICAN USAGE 878 (3d ed. 2009) (explaining that "coordinate adjective" is "[a]n adjective that appears in a sequence with one or more related adjectives to modify the same noun"). Coordinate adjectives are often used to convey a precise description of a noun.  For example, the following passage from the famous tale of Sherlock Holmes exemplifies the use of coordinate adjectives: "Our clients were punctual to their appointment, for the clock had just struck ten when Dr. Mortimer was shown up, followed by the young baronet.  The latter was a *small, alert, dark-eyed* man about thirty years of age . . . ."  Arthur Conan Doyle, THE HOUND OF THE BASKERVILLES 58 (London, George Newnes Ltd. 1902) (emphasis added); *see also Carlile v. Reliance Standard Life Ins. Co.*, 988 F.3d 1217, 1227 (10th Cir. 2021) (interpreting a statute that provides coverage for an "active, Full-time employee" and holding that, to be eligible for coverage, the employee must be both "active" and "Full-time").

No. 22-30374

Accordingly, the bar that we established in *Lightfoot* only applies to pleadings that fulfill all of the following necessary conditions: (1) filed pro se; (2) filed *in forma pauperis*; and (3) civil (as opposed to criminal) in nature. 1996 WL 661267, at *1. Because Lightfoot's pleading in this case was not filed *in forma pauperis*, the district court erred in striking his complaint based on our holding in *Lightfoot*. Thus, we REVERSE and REMAND for further proceedings.